IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RYAN AND WAYMOND WOOD,　　　) | |
| 　　　　　　　　　　　　　　　) | |
| 　　　　　Plaintiffs,　　　　) | |
| 　　　　　　　　　　　　　　　) | Case No. |
| 　　vs.　　　　　　　　　　　) | |
| 　　　　　　　　　　　　　　　) | **COMPLAINT AND JURY DEMAND** |
| CARMAX AUTO SUPERSTORES, INC., ) | |
| RESOLVION, GP, AND UAR DIRECT, ) | |
| LLC,　　　　　　　　　　　　) | |
| 　　　　　　　　　　　　　　　) | |
| 　　　　　Defendants.　　　　) | |

## NATURE OF ACTION

1.　　　Plaintiffs, Ryan and Waymond Wood bring this action against Defendants Carmax Auto Superstores, Inc. ("Carmax"), Resolvion, GP ("Resolvion"), and UAR Direct, LLC ("UAR") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and Article 9 of the Kansas Uniform Commercial Code, Kan. Stat. § 84-9-101 *et seq*.

## JURISDICTION AND VENUE

2.　　　This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), and 28 U.S.C. §§ 1331, 1367.

3.　　　Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiffs' action occurred in this district, where Plaintiffs reside in this district, and where Defendants transact business in this district.

## THE FAIR DEBT COLLECTION PRACTICES ACT

4.　　　"[T]he FDCPA is a strict liability statute – a collector 'need not be deliberate, reckless, or even negligent to trigger liability." *Ruth v. Triumph Partnerships*, 577 F.3d 790, 800 (7th Cir. 2009).

1

5.      "Because the FDCPA is designed to protect consumers, it is liberally construed in favor of consumers to effect its purpose." *Ramirez v. Apex Fin. Mgmt., LLC*, 567 F. Supp. 2d 1035, 1040 (N.D. Ill. 2008).

*6.*      "[C]laims against debt collectors under the FDCPA are to be viewed through the eyes of the 'unsophisticated consumer' . . . the standard is low, close to the bottom of the sophistication meter." *Avila v. Rubin*, 84 F.3d 222, 226 (7th Cir. 1996); *see also Gammon v. GC Servs. Ltd. P'ship,* 27 F.3d 1254, 1257 (7th Cir. 1994) ("[A]n unsophisticated consumer standard protects the consumer who is uninformed, naive, or trusting, yet it admits an objective element of reasonableness.").

7.      For the purpose of 15 U.S.C. § 1692f(6), a "debt collector" also includes "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests."  15 U.S.C. § 1692a(6).

8.      The FDCPA prohibits such debt collectors, including tow operators or repossession companies, from taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if there is no present right or intention to take possession of the property. 15 U.S.C. § 1692f(6).

## THE UNIFORM COMMERCIAL CODE

9.      "Article 9 of the UCC is a comprehensive statutory scheme governing the rights and relationships between secured parties, debtors, and third parties." *McCullough v. Goodrich & Pennington Mortg. Fund, Inc.*, 373 S.C. 43, 53, 644 S.E.2d 43, 49 (2007).

10.     Article 9 serves "to provide a simple and unified structure within which the immense variety of present-day secured financing transactions can go forward with less cost and

2

with greater certainty." *Haas' Estate v. Metro–Goldwyn–Mayer, Inc.*, 617 F.2d 1136, 1140 (5th Cir. 1980).

11.    "Most states (including Kansas) have adopted UCC provisions allowing secured creditors to repossess property from a defaulting debtor without a judicial order if certain conditions are met." *McLinn v. Thomas Cty. Sheriff's Dep't*, 535 F. Supp. 3d 1087, 1101 (D. Kan. 2021); *see* Kan. Stat. § 84-9-609(b)(2).

12.    However, a secured party may only do so "if it proceeds without a breach of the peace." *Id.* (quoting Kan. Stat. §§ 84-9-609(a)(1), (b)(2)).

13.    This is so because the preservation of peace, "is of more importance to society than the right of the owner of a chattel to get possession of it." *Willis v. Whittle,* 64 S.E. 410 (S.C. 1909); *see also Singer Sewing Mach. Co. v. Phipps,* 94 N.E. 793 (N.E. 1911) (quoting 3 William Blackstone, Commentaries *4) ("[T]his natural right of recaption shall never be exerted, where such exertion must occasion strife . . . or endanger the peace of society.").

14.    One "test for breach of the peace [examines] 'whether there was entry by the creditor upon the debtor's premises' and 'whether the debtor or one acting on his behalf consented to the entry and repossession.'" *Benschoter v. First Nat'l Bank of Lawrence*, 542 P.2d 1042, 1050 (1975) (quoting J. White & R. Summers, *Handbook of the Law Under the Uniform Commercial Code* at 966-75 (West 1972)).

## PARTIES

15.    Plaintiffs are natural persons who at all relevant times resided in the State of Kansas, County of Douglas, and City of Lawrence.

16.    Waymond Wood is allegedly obligated to pay a debt.

17.    Waymond Wood is a "consumer" as defined by 15 U.S.C. § 1692a(3).

18. Carmax, is a Virginia corporation that regularly sells vehicles to consumers and originates loans related to the sale of vehicles to consumers in Kansas.

19. Resolvion is a general partnership operating in Kansas.

20. Resolvion is a partnership that at all relevant times was acting as a repossession agent working at the behest of Carmax.

21. At all relevant times, Resolvion was a partnership using instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

22. Resolvion is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

23. UAR is a Tennessee limited liability company that at all relevant times acted as a repossession agent acting at the behest of Carmax.

24. At all relevant times, UAR was an entity using instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

25. UAR is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

26. On or about August 30 2021, Waymond Wood purchased a 2016 Kia Soul (the "Vehicle") from Carmax.

27. Waymond Wood purchased the Vehicle primarily for their own personal, family, and household use.

28. The Vehicle constitutes "consumer goods" as defined by Kan. Stat. § 84-9-102(a)(23).

29. Waymond Wood purchased the Vehicle on credit.

4

30.    In connection with the purchase, Waymond Wood executed a loan agreement in Carmax's favor (the "Contract").

31.    As part of the Contract, Carmax and its assignees obtained a security interest in the Vehicle.

32.    The Vehicle constitutes "collateral" as defined by Kan. Stat. § 84-9-102(a)(12).

33.    Carmax is a "secured party" as defined by Kan. Stat. § 84-9-102(a)(73).

34.    After the Contract was executed, it was assigned to non-party, American Credit Acceptance.

35.    Thereafter, Waymond Wood paid his car payments as agreed.

36.    However, on or before February 21, 2022, Carmax engaged its repossession agent Resolvion to repossess the Vehicle.

37.    Resolvion in turn hired UAR to accomplish the actual repossession.

38.    On February 21, 2022, UAR went to Plaintiffs' home to repossess the Vehicle.

39.    Plaintiffs noticed UAR's arrival and, before UAR could take possession or control of the Vehicle, Plaintiffs protested the repossession.

40.    A loud and rowdy confrontation ensued.

41.    Plaintiffs' neighbors emerged to watch the confrontation.

42.    Despite the loud and rowdy confrontation, UAR continued with the repossession over Plaintiffs' protest.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692f(6)(A)
## UAR

43.    Plaintiffs repeat and re-allege each factual allegation contained above.

44.    Kansas law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace."  Kan. Stat. § 84-9-609(b)(2).

45.    However if collateral cannot be repossessed without a breach of the peace, a party must get a court order to take possession of the collateral.  *Id.*

46.    A repossession agent breaches the peace if he continues with a repossession over a consumer's protest.

47.    Plaintiffs protested the repossession.

48.    Once Plaintiffs protested the repossession, UAR lost the right to continue with the repossession.

49.    Nonetheless, UAR continued with the repossession and thereby breached the peace.

50.    A repossession agent's breach of the peace negates a right to possession.

51.    By continuing with the repossession after it lost the right to do so, UAR violated 15 U.S.C. § 1692f(6)(A) by taking non-judicial action to effect dispossession of Plaintiffs' property where the property was exempt by law from such dispossession.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a)  Adjudging that UAR violated 15 U.S.C. § 1692f(6)(A);

b)  Awarding Waymond Wood statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Ryan Wood statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

6

d)  Awarding Plaintiffs their actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

e)  Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

f)  Awarding Plaintiffs pre-judgment and post-judgment interest as permissible by law; and

g)  Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692f(6)(A)
## RESOLVION

52.    Plaintiffs repeat and re-allege each factual allegation contained above.

53.    Kansas law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace." Kan. Stat. § 84-9-609(b)(2).

54.    However if collateral cannot be repossessed without a breach of the peace, a party must get a court order to take possession of the collateral. *Id*.

55.    A repossession agent breaches the peace if he continues with a repossession over a consumer's protest.

56.    Plaintiffs protested the repossession.

57.    Once Plaintiffs protested the repossession, UAR lost the right to continue with the repossession.

58.    Nonetheless, UAR continued with the repossession and thereby breached the peace.

59.    A repossession agent's breach of the peace negates a right to possession.

60.    By continuing with the repossession after it lost the right to do so, UAR violated 15 U.S.C. § 1692f(6)(A) by taking non-judicial action to effect dispossession of Plaintiffs' property where the property was exempt by law from such dispossession.

7

61.    As the debt collector that hired UAR, Resolvion is liable for UAR's FDCPA violation.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a)  Adjudging that UAR violated 15 U.S.C. § 1692f(6)(A);

b)  Adjudging that Resolvion, as the debt collector that hired UAR, is liable for UAR's FDCPA violation;

c)  Awarding Waymond Wood statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

d)  Awarding Ryan Wood statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

e)  Awarding Plaintiffs their actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

f)  Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

g)  Awarding Plaintiffs pre-judgment and post-judgment interest as permissible by law; and

h)  Awarding such other and further relief as the Court may deem proper.

**COUNT III**
**VIOLATION OF KAN. STAT. § 84-9-609(B)(2)**
**CARMAX**

62.    Plaintiffs repeats and re-alleges each factual allegation contained above.

63.    Kansas law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace."  Kan. Stat. § 84-9-609(b)(2).

64.    However if collateral cannot be repossessed without a breach of the peace, a party must get a court order to take possession of the collateral.  *Id*.

65.  A repossession agent breaches the peace if he continues with a repossession over a consumer's protest.

66.  Secured creditors have a nondelegable duty not to breach the peace when they repossess secured collateral. The courts may find them liable for the acts of independent contractors who breach the peace in the course of repossessing secured collateral.  Official comment 3 to Kan. Stat. § 84-9-609 ("In considering whether a secured party has engaged in a breach of the peace, however, courts should hold the secured party responsible for the actions of others taken on the secured party's behalf, including independent contractors engaged by the secured party to take possession of collateral.").

67.  Carmax's repossession agents, UAR, breached the peace by continuing the repossession over Plaintiffs' protests.

68.  Carmax violated Kan. Stat. § 84-9-609(b)(2) when its repossession agent, UAR, breached the peace to repossess Plaintiffs' Vehicle.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a)  Adjudging that Carmax violated Kan. Stat. § 84-9-609(b)(2);

b)  Awarding Plaintiffs statutory damages, pursuant to Kan. Stat. § 84-9-625(c)(2);

c)  Awarding Plaintiffs actual damages, pursuant to Kan. Stat. § 84-9-625(c)(1);

d)  Awarding Plaintiffs pre-judgment and post-judgment interest as permissible by law; and

e)  Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

69.    Plaintiffs are entitled to and hereby demands a trial by jury. Plaintiffs request that trial be held in Kansas City, Kansas.

Respectfully submitted,
/s/ Anthony LaCroix
Anthony LaCroix
KS Bar No. 24279
1600 Genessee, Ste. 956
Kansas City MO 64102
Telephone:  (816) 399-4380
Fax:  (816) 399-4380
Email:  tony@lacroixlawkc.com
*Lead Counsel for Plaintiff*

*Co-counsel with Thompson Consumer Law Group*

**Correspondence Address:**

Thompson Consumer Law Group, PC
11445 E Via Linda, Ste. 2 #492
Scottsdale, AZ 85259